**UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK**

---------

**In Re DMCA Subpoena to Facebook, Inc.**  ⋮ X
⋮
⋮  **Case No. 7:18-mc-00471-CS**
⋮
⋮  **Honorable Cathy Seibel**
⋮
⋮
⋮
⋮
--------- X

**PLAINTIFF WATCH TOWER BIBLE AND TRACT SOCIETY OF PENNSYLVANIA'S
MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION FOR CONTEMPT
AGAINST FACEBOOK, INC.**

**PRELIMINARY STATEMENT**

Over 90 days after being served with a properly-issued subpoena from this Court, Facebook, Inc. (hereinafter "Facebook") demonstrates its disregard of the judicial process and its statutory obligations as a service provider subject to the Digital Millennium Copyright Act ("DMCA") (17 U.S.C. §512).  In so doing, Facebook continues to thwart Watch Tower's attempts to defend its intellectual property against infringement.  Accordingly, the Court should hold Facebook in contempt pursuant to 17 U.S.C. § 512(h)(6) and Federal Rule of Civil Procedure 45(g), and order that Facebook immediately comply with the document subpoena issued by this Court.  Further, the Court should order that if Facebook fails to comply with the subpoena by a deadline set by the Court, it must pay a fine in an amount to be set by the Court for each day that it fails to comply with this Court's order.

**STATEMENT OF FACTS**

A. **Factual Background**

Watch Tower became aware that its copyrighted artwork and photographs were being unlawfully displayed on Facebook's website.  *See* Declaration of Paul D. Polidoro (the "Polidoro Decl.") at ¶ 2.  The infringing material was displayed on the site in connection with a Facebook page belonging to a pseudonymous user – "Jose Antonio Gutierrez Garcia (Gran Muchedumbre)" hereinafter "Gran Muchedumbre".  *Id.* at ¶ 2.  On October 8, 2018, Watch Tower sent a notice of copyright infringement to Facebook about the illegal display of Watch Tower's copyrighted works pursuant to 17 U.S.C.§ 512 (c)(3)(A).  *See* Polidoro Decl. at ¶ 2.

B. **Watch Tower's Subpoena to Facebook**

On October 15, 2018, Watch Tower applied to this court for a subpoena seeking identifying information for the Facebook subscriber responsible for the infringing material on the

2

Facebook website.  *Id.* at ¶ 2.  Having confirmed that Watch Tower is entitled to discover the true identity of the infringer, this Court granted Watch Tower's request for a subpoena pursuant to §512(h) of the DMCA (hereinafter the "DMCA Subpoena") on October 16, 2018.  *See* Polidoro Decl. at ¶ 3.  The subpoena demanded identifying information for the pseudonymous infringer, "Gran Muchedumbre" by November 30, 2018.  *Id.*

It was served on Facebook on October 24, 2018 at 2:07 p.m. via its registered agent for service of process – Corporation Service Company – at its New York office located at 80 State Street, Albany, NY 12207.  *Id.* at ¶4.  According to Facebook's corporate registration with the New York Department of State, service of process for Facebook is accepted by Corporate Service Company located at 80 State Street, Albany, New York, 12207.  *Id.*  There is no indication on Facebook's site that service of process for non-law enforcement subpoenas will not be accepted by this registered agent at that address.  *Id.*  In the past, Watch Tower has served no less than three DMCA subpoenas to Facebook via the Corporation Service Company at 80 State Street, Albany, NY 12207.  Each of those subpoenas were accepted by Facebook and resulted in compliance.  *Id.*

**C. Facebook's Complete Disregard of the DMCA Subpoena for Three Months**

In the three months that followed service of process, Facebook never complied with the subpoena.  *Id.* at ¶ 4.  Facebook never filed an objection to the subpoena.  *Id.*  On December 3, 2018, Watch Tower wrote to Facebook regarding its failure to respond to the subpoena.  *Id.* at ¶ 5.  Watch Tower requested a Meet and Confer in an effort to avoid seeking court intervention.  *Id.*  Neither Facebook nor its counsel responded to Watch Tower's letter.  *Id.*  On December 26, 2018, Watch Tower wrote to Facebook again requesting a Meet and Confer regarding the subpoena.  *Id.* at ¶ 6.  Facebook did not respond to this letter.  *Id.*  On January 9, 2018, Watch

Tower wrote to Facebook for a third time requesting to meet and confer regarding Facebook's failure to respond or comply with the subpoena. *Id.* Still, Facebook did not respond to Watch Tower's letter. *Id.*

On January 24, 2019 Watch Tower filed a letter requesting a pre-motion conference in connection with an anticipated Motion for Contempt. *Id.* at ¶ 6. The same day, this Court waived the pre-motion conference requirement and directed Watch Tower to proceed with its Motion for Contempt via an Order to Show Cause. *Id.*

It has now been over three months since Watch Tower served a properly-issued DMCA Subpoena on Facebook. Facebook's complete disregard of the subpoena forces Watch Tower to seek the Court's intervention in this matter.

## ARGUMENT
## FACEBOOK SHOULD BE HELD IN CONTEMPT AND ORDERED TO COMPLY WITH THE DMCA SUBPOENA

This Court can and should hold Facebook in contempt for its failure to fully comply with the properly-issued DMCA Subpoena served by Watch Tower. First, upon receipt of a DMCA Subpoena, 17 U.S.C. § 512(h)(5) directs that service providers "*expeditiously disclose* to the copyright owner . . . the information required by the subpoena, notwithstanding any other provision of law and regardless of whether the service provider responds to the [infringement] notification." (emphasis added). 17 U.S.C. § 512(h)(6) provides that "the remedies for noncompliance with the [DMCA] subpoena, [ ] be governed to the greatest extent practicable by those provisions of the Federal Rules of Civil Procedure governing the issuance, service, and enforcement of a subpoena duces tecum." Federal Rule of Civil Procedure 45(c)(2)(A) states, "A subpoena may command: (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person." Facebook's New York office is located at 770 Broadway, New

York, NY 10003. *See* Polidoro Decl. at ¶ 4. The DMCA Subpoena served on Facebook commanded compliance less than 100 miles away at 100 Watchtower Drive, Patterson, NY 12563. Consequently, Facebook was under obligation to comply with the DMCA Subpoena.

If Facebook found something defective or deficient about the subpoena, it could have objected. Indeed, Federal Rule of Civil Procedure 45(d)(3)(A) provides,

> On timely motion, the court . . . must quash or modify a subpoena that: (i) fails to allow a reasonable time to comply; (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c); (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or (iv) subjects a person to undue burden.

Yet, Facebook neither objected to the subpoena, nor invoked Rule 45(d)(3)(A).

In circumstances such as these, the Court is well within its right to hold Facebook in contempt. Federal Rule of Civil Procedure 45(g) states,

> **Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

"The Court has the power under this rule to impose contempt simply on the basis of failure to comply with a subpoena." *PaineWebber Inc.* v. *Acstar Ins. Co.*, 211 F.R.D. 247, 249 (S.D.N.Y. 2002)(holding non-parties that neither objected to subpoena nor complied in civil contempt)[1] *citing Diamond* v. *Simon*, No. 89 Civ. 7061 (PKL), 1994 WL 10622, at *1 (S.D.N.Y. Jan. 10, 1994); *see Forum Ins. Co.* v. *Keller*, No. 91 Civ. 4528 (JFK), 1992 WL 297580, *3 (S.D.N.Y. Oct. 8, 1992)(holding nonparty in contempt and assessing sanctions of $1000.00 for failure to comply with document subpoena).

Despite having received a properly-issued subpoena in addition to three requests to meet

---

[1] Fed. R. Civ. P. 45(e) was amended in 2013. Prior to the amendment, Rule 45(e) stated, "**Contempt.** Failure by any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a non-party to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A)."

and confer with Watch Tower's counsel regarding the subpoena, Facebook never complied with the subpoena, objected to the subpoena, or responded to Watch Tower's requests to meet and confer.  Facebook's failure to comply with the subpoena, "demonstrates disregard for the judicial process." *PaineWebber Inc.*, 211 F.R.D. at 249.

Facebook's complete disregard of the judicial process raises the concern that the evidence sought by Watch Tower has been, or will soon be permanently lost.  Service providers typically retain user activity logs containing the information needed to identify an infringer for a limited period of time.  *See* Polidoro Decl. at ¶ 7.  Once that user data is deleted, there is no other means of linking the infringing activity with the person responsible for the infringement.  *Id.*  In *Digital Sin* v. *Does 1-176*, the court highlighted this concern stating, "expedited discovery is necessary to prevent the requested data from being lost forever as part of routine deletions by the ISPs." 279 F.R.D. 239, 242 (S.D.N.Y. 2012)(granting *ex parte* motion to take expedited discovery from third-party Internet Service Provider to identify an alleged infringer of a copyrighted motion picture).

Facebook's blatant disregard of this Court's authority and the judicial process warrants an order of contempt and a requirement to produce the information required by the subpoena immediately or by a deadline to be set by the court.  If Facebook again fails to comply with the subpoena, the Court should order that Facebook pay a fine in an amount to be set by the Court for each day that it fails to comply with this Court's order.

**WHEREFORE**, plaintiff Watch Tower requests that the Court issue an Order:

(1) holding Facebook in contempt of court for its failure to comply with the DMCA Subpoena dated October 17, 2018;

(2) directing Facebook to produce the information sought by the DMCA Subpoena

immediately, or at such later time as the Court may direct;

(3) sanctioning Facebook in an amount to be set by the Court for each day after the compliance deadline to be set by this Court that it fails to comply with this Court's order; and

(4) for such other and further relief as this Court may deem just and proper.

Dated: January 29, 2019
Patterson, New York

Respectfully submitted,

WATCH TOWER BIBLE AND TRACT
SOCIETY OF PENNSYLVANIA
Legal Department
100 Watchtower Drive
Patterson, NY 12563
Telephone: 845-306-1000
Facsimile: 845-306-0709

/s/ Paul D. Polidoro
Paul D. Polidoro
Associate General Counsel
SDNY Bar No. PP2509

*Attorney for Plaintiff*