# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: DMCA Subpoena to Facebook, Inc. | Case No. 7:18-mc-00471-CS <br><br> Honorable Cathy Seibel |

## FACEBOOK, INC.'S OPPOSITION TO MOTION FOR CONTEMPT

### INTRODUCTION

This motion for contempt is the result of a typographical error and missed communication. Nothing more. It is inappropriate to hold Facebook, Inc. ("Facebook") in contempt when it can provide a more than "adequate excuse," *see* Fed. R. Civ. P. 45(g), for its response to the subpoena (the "Subpoena") it received from Watch Tower Bible and Tract Society of Pennsylvania ("Watch Tower") in this matter. *See* Exhibit 1 to Declaration of John K. Roche ("Roche Decl."). Specifically, within three days of receiving the Subpoena, Facebook sent written objections that, among other things, explained that the Subpoena did not properly identify the target account. Those objections, however, never reached Watch Tower's counsel due to a typo in an email address that appears to have been caused by obscured text in the Subpoena itself. Facebook followed up with another copy of those objections by regular mail, but for some reason those apparently never reached Watch Tower's counsel either. Regardless, when Facebook received the Court's Order to Show Cause, it promptly contacted Watch Tower, requested a subpoena that properly identified an account, and on February 11th notified its account holder that Facebook would produce responsive data if the account holder did not file objections to the amended subpoena with the Court within 14 days. Accordingly, Watch Tower will either receive what it seeks on February 26th, or will have to defend its request in response

to the account holder's objections.  Either way, any further relief from Facebook will be unwarranted.

Moreover, even in cases where there is no "adequate excuse" under Rule 45(g) for a non-party's response to a subpoena, a contempt order is inappropriate when the court has not issued a prior order compelling a response to the subpoena.  *See, e.g., New Falls Corporation v. Soni,* CV 16-6805 (ADS) (AKT), 2017 WL 9732100, at *1 (S.D.N.Y. Oct. 30, 2017).  The Court has not issued a prior order compelling a response to the Subpoena, and in that circumstance judges of this Court have declined to issue contempt orders even when a non-party engaged in conduct far worse than anything alleged in Watch Tower's motion.  Accordingly, for these reasons and those stated further below, Facebook respectfully requests that the Court deny Watch Tower's contempt motion.

## FACTUAL BACKGROUND

On November 6, 2018, Facebook's registered agent in New York received the Subpoena.  *See* Roche Decl., ¶ 2 & Ex. 1 thereto.  The Subpoena sought non-content identifying information for the "Facebook account displaying the name, 'Jose Antonio Gutierrez Garcia (Gran Muchedumbre)', and any logs of Internet Protocol addresses including time stamps used to access the subject account or to upload the artwork available at [three specified] URLs[.]"  *Id.*  The Subpoena listed contact information for Watch Tower's counsel, Paul Polidoro, in small type at the bottom.  *Id.*  Mr. Polidoro's email address was underlined, thereby obscuring the fact that the domain for his email address begins with the letter "j" rather than the letter "i."  *Id.*

On November 9, 2018, Facebook emailed written objections to the Subpoena to the email address ppolidor@iw.org.  *Id.* ¶ 3 & Ex. 2 thereto.  Facebook's objections explained that the Court lacked subpoena power over California-based Facebook, and that Facebook responds to

otherwise unobjectionable subpoenas for non-content information that uniquely identify an account by URL or email address after providing 21-days' notice to the affected account holder. *Id.* Mr. Polidoro, however, presumably never received Facebook's objections because it is now known that his correct email address is ppolidor@**j**w.org. *Id.* (emphasis added). Facebook unfortunately has not located any record of receiving a rejection notice of this email, and therefore was unaware that the email was sent to the wrong email address. Roche Decl. ¶ 3.

On December 27, 2018 and January 10, 2019, Facebook received letters from Melanie Jean-Noel by certified mail to its California headquarters indicating that Watch Tower had not received any response from Facebook regarding the Subpoena. *Id.* ¶ 4.

On January 11, 2019, Facebook mailed a copy of its November objection letter to Ms. Jean-Noel. *Id.* ¶ 5.

On January 31, 2019, Facebook received an email from Mr. Polidoro attaching a copy of the Court's Order to Show Cause. *Id.* ¶ 6.

On February 11, 2019, Facebook's outside counsel spoke with Ms. Jean-Noel by phone and explained that Facebook's initial objections appeared to have been misdirected to the wrong email address due to a typo, but that a copy was sent to her on January 11, 2019. *Id.* ¶ 7. Ms. Jean-Noel, however, indicated that she did not receive Facebook's objections sent by mail on January 11, 2019. *Id.* Facebook's outside counsel explained that, as stated in Facebook's objection letter, because names are not unique identifiers for Facebook accounts, Facebook can only respond to subpoenas that uniquely identify accounts by URL or email address. *Id.* Facebook therefore could not comply with the Subpoena identifying the account at issue as "Jose Antonio Gutierrez Garcia (Gran Muchedumbre)." *Id.* Facebook's counsel requested that Ms. Jean-Noel issue an amended subpoena that identified the account by URL. *Id.* Ms. Jean-Noel

agreed, and that same day emailed Facebook's counsel an amended subpoena (the "Amended Subpoena") identifying the account by the URL https://www.facebook.com/GRANMUCHEDUMBRE (the "Account"). *Id.* & Ex. 3 thereto. Under the circumstances of this case and in order to meet the deadlines set by the Order to Show Cause, Facebook's counsel notified Ms. Jean-Noel that Facebook would waive its objections to subpoena power and agree to provide 14 rather than the usual 21-days' notice to its account holder. Roche Decl. ¶ 7.

On February 11, 2019, the undersigned's law firm sent an email to the email addresses associated with the Account that attached a copy of the Amended Subpoena. *Id.* ¶ 8. The email notified the account holder that Facebook would produce responsive non-content identifying information if the account holder did not file papers with the Court within 14 days objecting to the Amended Subpoena. *Id.*

The undersigned's law firm is in possession of preserved non-content identifying information for the Account responsive to the Amended Subpoena. *Id.* ¶ 9.

## ARGUMENT

### I. Facebook has more than an "adequate excuse" under Rule 45 for its response to the Subpoena.

Under Fed. R. Civ. P. 45(g), the Court "may hold in contempt a person who, having been served, fails ***without adequate excuse*** to obey [a] subpoena or an order related to it." Facebook has more than an "adequate excuse" for its response to the Subpoena. Facebook served written objections within 3 days of receipt of the Subpoena explaining that the Court does not have subpoena power over California-based Facebook, and that Facebook can only respond to subpoenas that uniquely identify an account by URL or email address. *See* Roche Decl. ¶ 3 &

Ex. 2 thereto.[1]  Due to a typo in the recipient's email address, however, Facebook's objections did not reach Watch Tower's counsel.  Roche Decl. ¶¶ 2-3.  A subsequent copy of Facebook's objections that was mailed to Watch Tower also apparently did not reach Watch Tower's counsel.  *Id.* ¶¶ 5, 7.  When Facebook received the Court's Order to Show Cause, it promptly contacted Watch Tower, requested issuance of the Amended Subpoena properly identifying the Account, and notified its account holder that Facebook would comply with the Amended Subpoena if the account holder did not file papers with the Court within 14 days objecting to the Amended Subpoena.  *Id.* ¶¶ 7-8.

If the account holder files papers with the Court objecting to the Amended Subpoena, Facebook will withhold its production and await the Court's ruling on those objections, which is entirely appropriate.  *See Sony Music Entertainment Inc. v. Does 1-40*, 326 F. Supp. 2d 556, 559 (S.D.N.Y. 2004) (ordering service provider to give its account holder notice of a subpoena seeking their identifying information in a copyright case and to preserve the subpoenaed

---

[1] Facebook is a Delaware corporation with its principal place of business in California, and therefore is not subject to the subpoena power of New York courts.  *See Gucci America, Inc. v. Weixing Li*, 768 F.3d 122, 135 (2d Cir. 2014) ("the district court may not properly exercise general personal jurisdiction over the Bank.  Just like the defendant in *Daimler*, the nonparty Bank here has branch offices in the forum, but is incorporated and headquartered elsewhere."); *see also id.* at 141 ("A district court . . . must have personal jurisdiction over a nonparty in order to compel it to comply with a valid discovery request under Federal Rule of Civil Procedure 45."); *Kline v. Facebook, Inc.,* No. 150022/2018, 2019 WL 185767 (N.Y. Co. Sup. Jan. 10, 2019) (holding that Facebook is not subject to personal jurisdiction in New York in a matter seeking pre-action discovery of Facebook account information).

Nevertheless, under the circumstances of this case, Facebook will waive its objections regarding subpoena power, but expressly reserves the right to object to personal jurisdiction or subpoena power in New York in any other pending or future matters, and to insist that subpoenas list a place of compliance within 100 miles of its headquarters in Menlo Park, California.  *See* Fed. R. Civ. P. 45(c)(2)(A); *Europlay Capital Advisors, LLC, et al. v. Does*, 323 F.R.D. 628, 629-30 (C.D. Cal. 2018) ("despite Google having an office in Venice, the proper district to hear a motion to compel is where Google is headquartered.") (collecting cases).

information pending resolution of the account holder's motion to quash); *Malibu Media, LLC v. John Does 1-16*, No. 12–cv–0235 (RLW), 2012 WL 1681819, at *2 (D.D.C. Apr. 11, 2012) (Rule 45 requires notice to anonymous account holders in copyright cases so that they have "an opportunity to object or intercede"). If the account holder does not file objections with the Court, Facebook will produce data responsive to the Amended Subpoena on February 26th, thus rendering the Amended Subpoena and the contempt motion moot. *See Sterling Nat'l. Bank v. A-1 Hotels Intern., Inc.,* No. 00 Civ. 7352(GEL), 2004 WL 1418201, at *3 (S.D.N.Y. June 23, 2004) ("the simplest way for [a non-party] to avoid an order of contempt would be [] to comply with [the] subpoena"). In either circumstance, Facebook respectfully submits it has provided more than an "adequate excuse" under Rule 45(g) for its response to the Subpoena.

**II.     A contempt order is unwarranted in any event.**

Even if the Court concludes that Facebook has not demonstrated an "adequate excuse" under Rule 45(g) for its response to the Subpoena, an order finding Facebook in contempt would still be inappropriate for several reasons. *First*, "[a]n order of contempt leading to the imposition of sanctions is a drastic remedy," *Sterling Nat'l. Bank*, 2004 WL 1418201, at *3, and for this reason "civil contempt is not ordinarily imposed for a party's disregard of a subpoena; civil contempt is most frequently imposed only when a party disregards an order directing compliance with a subpoena." *Kerr v. Thomas*, 14 Civ. 9168 (KBF)(HBP), 2017 WL 485041, at *4 (S.D.N.Y. Feb. 3, 2017); *see also New Falls Corporation*, 2017 WL 9732100, at *1 ("a motion for contempt at this juncture is entirely premature since the Court has not issued an Order directing [the] non-party [] to comply with the subpoena in the first instance."). Accordingly, judges of this Court have declined to issue contempt orders for disobedience of a subpoena even when a non-party engaged in conduct far worse than anything alleged in Watch Tower's

contempt motion. *See In re Application of the Kingdom of Morocco*, Misc. Case No. M8–85, 2009 WL 1059786, at *2 (S.D.N.Y. Apr. 16, 2009) (before holding a non-party in contempt, the court should first order the non-party to immediately comply with the subpoena even when the non-party has already ignored two subpoenas and an order to show cause); *Sterling Nat'l. Bank*, 2004 WL 1418201, at *3 (concluding the same with respect to a non-party who ignored a deposition subpoena and a contempt motion). The miscommunication regarding Facebook's objections to the Subpoena arose from a typo in Mr. Polidoro's email address that most likely occurred because of obscured text in the Subpoena, and Facebook promptly remedied the situation when it became aware of the Court's Order to Show Cause. *See* Roche Decl. ¶¶ 2-8. Facebook's good-faith response is not remotely similar to the conduct alleged in other cases where judges of this Court have declined to hold a non-party in contempt prior to issuing an order compelling a non-party to comply with a subpoena.

*Second,* Facebook has no history of ignoring subpoenas. *See* Declaration of Paul D. Polidoro, ¶ 4, ECF No. 12 (describing Facebook's prior history of compliance with "at least three other DMCA Subpoenas"). Accordingly, even if the Court does not agree that Facebook has an "adequate excuse" under Rule 45 for its response to the Subpoena, there is no reason to believe this matter arose from anything other than an unfortunate error as opposed to intentional disobedience of the Subpoena.

*Finally*, Watch Tower concedes that the relief it seeks is limited to compliance with the Subpoena. *See* Letter requesting pre-motion conference, at 2, ECF No. 7 ("Watch Tower is not interested in seeking draconian sanctions. Watch Tower simply wants Facebook to comply with its obligations as a service provider subject to the DMCA."). Facebook has explained that it could not comply with the Subpoena because it did not properly identify the Account, but it can

comply with the Amended Subpoena on February 26th if the account holder does not file objections with the Court before then. *See* Roche Decl., ¶¶ 3, 7-9. Watch Tower will either receive what it seeks on February 26th, or will have to defend the Amended Subpoena in response to the account holder's objections. Either way, any further relief from Facebook will be inappropriate.

Accordingly, Facebook respectfully submits that an order finding it in contempt is unwarranted.

## CONCLUSION

For the reasons stated, Facebook respectfully requests that the Court deny Watch Tower's contempt motion.

DATED: February 21, 2019                Respectfully submitted,

By: */s/ Jeffrey D. Vanacore*
Jeffrey D. Vanacore
Perkins Coie LLP
30 Rockefeller Center, 22nd Floor
New York, NY 10112-0085
212-262-6912
Fax: 212-977-1642
JVanacore@perkinscoie.com

Attorneys for Facebook, Inc.